## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Case |
| | ) | |
| GREENVIEW BUILDERS AND | ) | Case No. 16-16636 |
| CABINETRY DESIGNERS, INC., | ) | |
| | ) | |
| Debtor | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: September 7, 2016 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List


PLEASE TAKE NOTICE THAT on **Wednesday, September 7, 2016 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Deborah L. Thorne or before any judge who may be sitting in her stead, at 219 S. Dearborn Street, Courtroom 613, Chicago, Illinois 60604, and present the attached **MOTION TO MODIFY AUTOMATIC STAY**, a copy of which is hereby served upon you.
.

Respectfully submitted,
**ADAM HEIMAN and JANET HEIMAN**



By: __/s/ David A. Kallick_____
One of Its Attorneys

David A. Kallick (ARDC No. 01386891)
BENJAMIN, GUSSIN & ASSOCIATES
801 Skokie Boulevard, Suite 100
Northbrook, Illinois 60062
Phone: 847-861-6226
Fax: 847-861-6202

## CERTIFICATE OF SERVICE

I, David A. Kallick, an attorney, certify that I caused a copy of this **Notice and Motion to Modify Automatic Stay** to be served on the parties listed on the attached Service List, as designated therein, by overnight courier (Federal Express), and through the Court's ECF system on September 1, 2016.

/s/ David A. Kallick_____
One of Its Attorneys

## SERVICE LIST

**Via Federal Express**

**Debtor**

Greenview Builders and
       Cabinetry Designers, Inc.
440 N. Milwaukee Avenue
Lincolnshire, IL 60069

**Via ECF**

**Counsel for the Debtor**

Harold D. Israel, Esq.
Goldstein & McClintock LLP
208 S. LaSalle Street., Suite 1750
Chicago, IL 60604

**Office of the U.S. Trustee**

Patrick S. Layng, Esq.
Kathryn Gleason, Esq.
Office of the U.S. Trustee
Region 11
219 S. Dearborn, Room 873
Chicago, IL 60604

**Chapter 7 Trustee**

John E. Gierum, Esq.
Gierum & Mantas
2700 S. River Road, Suite 308
Des Plaines, IL 60018

**Creditors**

STUCCO 2000, INC.
c/o Alan Howard Nelson, Esq.
Trott Nelson PC
1000 Jorie Blvd., Suite 359
Oak Brook, IL 60523

Michelle and Timothy Kowalski
c/o Elliot S. Wiczer, Esq.
John M. Sheldon, Esq.
Wiczer & Sheldon, LLC
500 Skokie Blvd., Suite 325
Northbrook, IL 60062

Stephanie and Shawn Marks
c/o Allen J. Guon, Esq.
Shaw Fishman Glantz & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL 60654

Hines Building Supply
c/o Mark Van Donselaar
Churchill, Quinn, Richtman & Hamilton, Ltd.
2 S. Whitney Street
Grayslake, IL 60030-1548

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 Case |
| | ) | |
| GREENVIEW BUILDERS AND | ) | Case No. 16-16636 |
| CABINETRY DESIGNERS, INC. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| Debtor. | ) | Hearing Date: September 7, 2016 |
| | ) | Hearing Time: 9:30 a.m. |

## MOTION TO MODIFY AUTOMATIC STAY

NOW COMES ADAM HEIMAN and JANET HEIMAN (collectively, "Heiman"), by and through their attorneys, BENJAMIN, GUSSIN & ASSOCIATES, and respectfully request that this Court enter an order, pursuant to Section 362 of the Bankruptcy Code, 11 USC § 362, granting Heiman relief from the automatic stay (the "Motion"), and in support of the Motion, Heiman states respectfully as follows:

### I. Jurisdiction and Venue

1.     This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(G) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The statutory basis for the relief requested herein is 11 U.S.C. § 362(d) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

### II. Background Facts

1.       On May 17, 2016 (the "Petition Date"), Greenview Builders and Cabinetry Designers, Inc. (the "Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2.       On June 22, 2016, the Chapter 11 Case was converted to Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

3.       John Gierum is the duly appointed trustee in the Chapter 7 Case (the "Trustee").

4.       On or about February 25, 2014, Heiman entered into a Construction Contract (the "Contract") with Debtor for the construction of a home located at 94 Millstone Road, Deerfield, Illinois (the "Property").

5.       On or about October 9, 2014 Heiman and Debtor executed a Sworn Statement for Contractor and Subcontractor to Owner (the "Sworn Contractor Statement") authorizing the sum of Thirty One Thousand Seven Hundred and 00/100 Dollars ($31,700.00) to be released from Heiman's construction escrow with Chicago Title and Trust Company. Among the payments authorized by Heiman pursuant to the Sworn Contractor Statement was Thirty Thousand and 00/100 Dollars ($30,000.00) to be paid to the Village of Deerfield ("Deerfield") as and for a building permit (the "Permit Funds").  Attached hereto as **Exhibit "A"** is a copy of the Sworn Contractor Statement.

6.       On or about June 2, 2015, Heiman terminated the Contract with Debtor for, among other reasons, Debtor's breach of contract.

7.       On or about June 4, 2015, Debtor issued a letter to Heiman signed by Yuri Birg, Debtor's President, assigning any and all rights in and to a certain performance guarantee deposit held by Deerfield on behalf of the Property (the "Deposit") to Heiman (the "Deposit Assignment"). Attached hereto as **Exhibit "B"** is a copy of the Deposit Assignment.

8.    On June 22, 2015, Shawn Marks and Stephanie Marks (collectively, "Marks") filed a Complaint against Debtor in the Circuit Court of Lake County, Illinois under Case No. 15 L 460 (the "Marks Complaint").

9.    On or about February 18, 2016, a Citation to Discover Assets to Third Party was issued and subsequently served in the Marks Complaint upon, among others, Deerfield, in an effort to collect on a judgment obtained against the Debtor by the Marks'.

10.    On or about March 15, 2016, Deerfield filed in the Circuit Court a First Amended Answer of Third Party Citation ("Deerfield Answer") requesting the Circuit Court deem Heiman to be the owner of the Deposit.  Attached hereto as **Exhibit "C"** is a copy of the Deerfield Answer (together with Exhibit A).

11.    In Exhibit B to the Deerfield Answer, Deerfield states the outstanding deposit balance due to Heiman is $11,500.00 (the "Deposit Balance"). Attached hereto as **Exhibit "D"** is a copy of Exhibit B to the Deerfield Answer as it specifically refers to the Deposit Balance.

12.    On May 27, 2016 Heiman filed a Motion to Intervene in the Marks Complaint. Attached hereto as **Exhibit "E"** is a copy of the Motion to Intervene.

13.    On May 27, 2016, Heiman filed a Motion for Turnover of the Deposit Balance (the "Turnover Motion") in the Circuit Court. Attached hereto as **Exhibit "F"** is a copy of the Turnover Motion.

14.    On June 1, 2016, the Circuit Court continued the Motion to Intervene and the Turnover Motion to September 28, 2016. Attached hereto as **Exhibit "G"** is a copy of the Order.

15.    On May 17, 2016, the Debtor filed its Bankruptcy Schedules and Statement of Affairs (collectively, the "Schedules") with the Bankruptcy Court. [Docket

No. 2]. The Debtor claims the Village of Deerfield is holding deposits, including security deposits and utility deposits (for eight homeowners) in the amount of $120,000.00.

16.     As Debtor has previously assigned the Deposit to Heiman, the deposits claimed by Debtor to be held by the Village of Deerfield do not include Heiman's Deposit Balance.

17.     The Trustee conducted the meeting of creditors on July 28, 2016. The Trustee disclaims any interest in the Deposit and consents to the relief requested in the Motion.

### III.  Relief Requested

18.     Heiman requests that the Bankruptcy Court enter an order terminating or modifying the automatic stay and allowing Heiman the right to proceed with their Motion to Intervene and Turnover Motion.

19.     Section 362(d)(2)(A) of the Bankruptcy Code provides that a court shall grant, upon the request of a party in interest and after notice and a hearing, relief from the automatic stay imposed by Section 362(a) against property in which the debtor has no equity. 11 U.S.C. 362(d)(2)(A). As noted, the Trustee has disclaimed any interest in the Deposit and therefore the Debtor has no equity in the Deposit.

20.     Pursuant to Section 362(d)(2)(A) of the Bankruptcy Code, Heiman requests that the Court modify the automatic stay for purposes of allowing Heiman to proceed with their Turnover Motion and their rights in and to the Deposit Balance. If any amounts remain due to Heiman by the Debtor, then Heiman will file a proof of claim in the Chapter 7 Case.

21.     A continued hearing on the Motion to Intervene and Motion for Turnover has been scheduled before the Circuit Court on September 28, 2016.

4

22.     In light of the foregoing, Heiman requests that the automatic stay be modified, and any stay required under Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived, in order for Heiman to proceed with their rights and remedies with respect to their Motion to Intervene and Turnover Motion.

## IV. Notice

23.     Notice of this Motion has been given to the Debtor, Debtor's counsel, the Office of the United States Trustee, the Chapter 7 Trustee, and any other party-in-interest who has requested notice in either the Chapter 11 Case of Chapter 7 Case.

WHEREFORE, Heiman respectfully requests that this Bankruptcy Court enter an Order modifying the automatic stay immediately in order to allow Heiman to proceed under applicable non-bankruptcy law and enforce its rights and remedies with respect to the Motion to Intervene and Motion for Turnover, and for any other and further relief this Court deems appropriate.

Respectfully submitted,

**ADAM HEIMAN and JANET HEIMAN**

By:___ /s/ David A. Kallick_____
      One of Its Attorneys

David A. Kallick (ARDC #01386891)
BENJAMIN, GUSSIN & ASSOCIATES
801 Skokie Boulevard, Suite 100
Northbrook, IL 60062
Phone: (847) 861-6226
Fax: (847) 861-6202

5

EXHIBIT "A"

"Sworn Contractor Statement

SWORN STATEMENT FOR CONTRACTOR AND SUBCONTRACTOR TO OWNER

STATE OF ILLINOIS
COUNTY OF LAKE

THE AFFIANT, YURI BIRG BEING DULY SWORN, ON OATH DEPOSES AND SAYS THAT HE IS AN OFFICER OF GREENVIEW BUILDERS AND CABINETRY DESIGNER, INC.,
THAT HE HAS CONTRACT WITH Adam and Janet Helman, OWNER FOR SINGLE FAMILY HOUSE CONSTRUCTION ON THE FOLLOWING DESCRIBED PREMISED IN
SAID COUNTY, TO WIT: 94 MILLSTONE, DEERFIELD, IL 60015.

That for the purpose of said contract, the following persons have been contracted with, and furnished, or are furnishing and preparing material for, and have done or are
doing labor on said improvement. That there is due and to become due them, respectively, the amounts set opposite their names for material of labor as stated. That this
statement full, true and completed statement of all such persons, the amounts paid and the amounts due or to become due to each.

| Draw #1 94 Millstone NAME | KIND OF WORK | AMOUNT OF CONTRACT | NET PREVIOUSLY PAID | NET AMT THIS PAYMENT | BALANCE TO COMPLETE |
|---|---|---|---|---|---|
| TO BE LET | MASONRY | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| TO BE LET | STUCCO | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| TO BE LET | ROOF | $ 8,000.00 | $ - | $ - | $ 8,000.00 |
| TO BE LET | WINDOWS/DOOR | $ 15,000.00 | $ - | $ - | $ 15,000.00 |
| TO BE LET | FRONT DOOR | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| TO BE LET | MILLWORK/HARDWARE | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| TO BE LET | TRIM CARPENTRY | $ 6,500.00 | $ - | $ - | $ 6,500.00 |
| TO BE LET | CERAMIC TILE | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| TO BE LET | ROUGH CARPENTRY | $ 29,000.00 | $ - | $ - | $ 29,000.00 |
| TO BE LET | CONCRETE | $ 35,000.00 | $ - | $ - | $ 35,000.00 |
| TO BE LET | CARPETING | $ 4,000.00 | $ - | $ - | $ 4,000.00 |
| TO BE LET | STAIRS | $ 5,500.00 | $ - | $ - | $ 5,500.00 |
| TO BE LET | APPLIANCES | $ 17,000.00 | $ - | $ - | $ 17,000.00 |
| TO BE LET | COUNTERTOPS | $ 5,400.00 | $ - | $ - | $ 5,400.00 |
| TO BE LET | GLASS/MIRROR | $ 2,200.00 | $ - | $ - | $ 2,200.00 |
| TO BE LET | CABINETS | $ 50,000.00 | $ - | $ - | $ 50,000.00 |
| TO BE LET | ELECTRICAL SUPPLY | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| TO BE LET | EXCAVATION | $ 22,000.00 | $ - | $ - | $ 22,000.00 |
| TO BE LET | DEMO | $ 9,500.00 | $ - | $ - | $ 9,500.00 |
| TO BE LET | INSULATION | $ 6,500.00 | $ - | $ - | $ 6,500.00 |
| TO BE LET | STEEL | $ 1,900.00 | $ - | $ - | $ 1,900.00 |
| TO BE LET | SEWER/WATER | $ 14,500.00 | $ - | $ - | $ 14,500.00 |
| TO BE LET | HARDWOOD FLOOR | $ 8,500.00 | $ - | $ - | $ 8,500.00 |
| TO BE LET | PLUMBING | $ 17,500.00 | $ - | $ - | $ 17,500.00 |
| TO BE LET | PLUMBING FIXTURES | $ 20,000.00 | $ - | $ - | $ 20,000.00 |
| TO BE LET | DRIVEWAY | $ 2,000.00 | $ - | $ - | $ 2,000.00 |
| TO BE LET | HVAC | $ 7,000.00 | $ - | $ - | $ 7,000.00 |
| TO BE LET | LANDSCAPING | $ 2,000.00 | $ - | $ - | $ 2,000.00 |
| TO BE LET | GARAGE DOORS | $ 2,500.00 | $ - | $ - | $ 2,500.00 |
| TO BE LET | DRYWALL | $ 10,000.00 | $ - | $ - | $ 10,000.00 |
| TO BE LET | ELECTRICAL | $ 11,000.00 | $ - | $ - | $ 11,000.00 |
| TO BE LET | LUMBER | $ 20,000.00 | $ - | $ - | $ 20,000.00 |
| DOLAND ENGINEERING | SURVEYS | $ 1,700.00 | $ - | $ 1,700.00 | $ - |
| VILLAGE OF DEERFIELD | PERMITS | $ 30,000.00 | $ - | $ 30,000.00 | $ - |
| TO BE LET | PAINTING | $ 5,000.00 | $ - | $ - | $ 5,000.00 |
| GREENVIEW BUILDERS AND CABINETRY DESIGNERS, INC. | GENERAL CONDITIONS | $ 100,900.00 | $ 100,000.00 | $ - | $ 900.00 |
| GRAND TOTAL | | $ 500,000.00 | $ 100,000.00 | $ 31,700.00 | $ 368,300.00 |

| AMOUNT OF ORIGINAL CONTRACT | $ | 500,000.00 | WORK COMPETED TO DATE | $ | 131,700.00 |
| EXTRAS TO CONTRACT | | | LESS % RETAINED | $ | - |
| TOTAL CONTRACT AND EXTRAS | $ | 500,000.00 | NET AMOUNT EARNED | $ | 131,700.00 |
| CREDITS TO CONTRACT | | | NET PREVIOUSLY PAID | | 100,000.00 |
| ADJUSTED TOTAL CONTRACT | $ | 500,000.00 | NET AMOUNT OF THIS PAY | $ | 31,700.00 |
| | | | BALANCE TO BECOME DUE | $ | 368,300.00 |

State of Illinois, County of _Cook_ ss. I, the undersigned, a Notary Public in and for said county, in the State aforesaid, do here by certify that

Personally known to me to be the person whose names(s) are subscribed to the foregoing instrument appeared before me this day in person, and acknowledge that _Yuri Bins_ signed and delivered the said instrument as free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal, this _8th_ day of _October_, 2014.

Commission expires _1-26-15_

NOTARY PUBLIC

<u>CTT Escrow Number # SKC 201346584</u>
<u>Associated Bank Loan # 3250158225</u>

OFFICIAL SEAL
JEAN RUDNIT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/26/15

SWORN OWNER'S STATEMENT

STATE OF ILLINOIS

COUNTY OF LAKE

Draw No. 1

Escrow No.

THE AFFIANTS, ADAM AND JANET HEIMAN  BEING FIRST DULY SWORN, ON OATH DEPOSES AND SAYS THAT THEY ARE THE *OWNER/BENEFICIARY OF N/A TRUST NO. HELD BY N/A WHICH IS THE OWNER* OF THE FOLLOWING DESCRIBED PREMISES IN LAKE COUNTY, ILLINOIS TO WIT: 94 MILLSTONE, DEERFIELD, IL 60015

1  That he is thoroughly familiar with all the facts and circumstances concerning the premises described above,
2  That with respect to improvements on the premises the only work done or materials furnished to date are as listed below;
3  That the only contracts let for the furnishing of future work or materials relative to the contemplated improvements are as listed below,
4  That this statement is a true and complete statement of all such contracts, previous payments and balances due, if any

| DRAW #1 94 Millstone NAME | KIND OF WORK | AMOUNT OF CONTRACT | NET PREVIOUSLY PAID | NET AMT THIS PAYMENT | BALANCE TO COMPLETE |
|---|---|---|---|---|---|
| | | $              - | $              - | $              - | |
| GREENVIEW BUILDERS AND CABINETRY | GENERAL CONTRACTING | $   500,000.00 | $   100,000.00 | $   31,700.00 | 368,300.00 |
| | | $              - | $              - | $              - | |
| | | $              - | $              - | $              - | |
| GRAND TOTAL | | $   500,000.00 | $   100,000.00 | $   31,700.00 | 368,300.00 |

| | | | |
|---|---|---|---|
| AMOUNT OF ORIGINAL CONTRACT | $      500,000.00 | WORK COMPETED TO DATE | $   131,700.00 |
| EXTRAS TO CONTRACT | $               - | LESS % RETAINED | $             - |
| TOTAL CONTRACT AND EXTRAS | $      500,000.00 | NET AMOUNT EARNED | $   131,700.00 |
| | | NET PREVIOUSLY PAID | $  (100,000.00) |
| | | NET AMOUNT OF THIS PAY | $    31,700.00 |
| | | BALANCE TO BECOME DUE | $   368,300.00 |

*STRIKE ONE*

THE UNDERSIGNED HEREBY APPROVES THE ABOVE AMOUNTS FOR PAYMENT.

SIGNED   _Adam He_____

ADDRESS   _94 Millstone, Deerfield, IL 60015_

Subscribed and sworn to before me this _9th_ day of _October_, _2014_

_Raquel Renteria_   NOTARY PUBLIC

OFFICIAL SEAL
RAQUEL RENTERIA
Notary Public - State of Illinois
My Commission Expires Jan 19, 2015

EXHIBIT "B"
Deposit Assignment



# Greenview

June 4, 2015

Mr. and Mrs. Adam Heiman
94 Millstone
Deerfield, IL  60015

RE:  94 Millstone, Deerfield

To Whom It May Concern,

Greenview hereby assigns any building or any other municipal permit refunds to
Mr. and Mrs. Adam Heiman.  Greenview waives any deposit refunds concerning
the above property.

Sincerely,

Yuri Birg
President

Subscribed and sworn to before me this 4th day of June, 2015.

Notary Public

OFFICIAL SEAL
ALAN S LANGSAM
Notary Public - State of Illinois
My Commission Expires Nov 17, 2015

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

SHAWN MARKS and                  )
STEPHANIE MARKS,                 )
                    Plaintiffs,  )
v.                               )
                                 )
GREENVIEW BUILDERS AND           )          No. 15 L 460
CABINETRY DESIGNERS, INC.,       )
                    Defendants   )
and                              )
                                 )
VILLAGE OF DEERFIELD,            )
                    Citation Respondent.  )

### FIRST AMENDED ANSWER OF THIRD PARTY CITATION
### RESPONDENT VILLAGE OF DEERFIELD

NOW COMES the Village of Deerfield, Third Party Respondent to the Citation to Discover

Assets directed to Third Party Village of Deerfield (the "Citation"), by and through its attorneys,

Peter D. Coblentz and Rosenthal, Murphey, Coblentz & Donahue, and for its First Amended Answer

to the Citation with regard to property in which the Judgment Debtor, Defendant Greenview Builders

and Cabinetry Designers, Inc. ("Greenview" or "Greenview Builders") may have an interest, states as

follows:

1.      The Village of Deerfield ("Village") is a home rule unit of local government pursuant

to the provisions of Article VII, Section 6 of the Illinois Constitution.

2.      Section 6-19.1 of Chapter 6 ("Building") of the Municipal Code of the Village of

Deerfield, as amended (the "Village Code"), requires that prior to the issuance of a building permit

for the construction of any new single-family residence, a cash performance guarantee deposit in an

amount set forth in the annual fee resolution adopted by the corporate authorities of the Village shall

be deposited by the owner or contractor (the applicant) with the Village. A copy of Section 6-19.1 of

-1-

the Village Code is attached to this First Amended Answer as Exhibit A.

3.      Pursuant to Section 6-19.1(a) of the Village Code, the Village has received, and is currently in possession of, $234,488.72 in performance guarantee deposits (the "Deposits") serving as guarantee for the performance of Village Code requirements for the timely and proper completion of sixteen (16) different single family home construction projects initially commenced by Greenview Builders, and as a condition for the issuance of a Certificate of Occupancy for such projects. Said deposits are shown on Exhibit B attached hereto.

4.      Of the Deposits held by the Village, a total of $44,788.72 (the "Refundable Deposits"), is currently refundable to the property owner or contractor (the "applicant" as described in Section 6-19.1(a) of the Village Code). The Refundable Deposits are shown on Exhibit B.

5.      The remaining Deposit monies, a total of $189,700.00 (the "Nonrefundable Deposits"), are held by the Village as security for proper and timely completion of the associated single-family home construction project per Village Code requirements, and are not refundable to any party pursuant to the requirements of Section 6-19.1 until after: (1) the issuance of a certificate of occupancy (See Section 6-19.1(i)) for the single-family residence, and (2) successful completion of a 1-year storm water drainage performance warrantee period (See Section 6-19.1(h)).

6.      The Village is authorized under Village Code Section 6-19.1 (See Section 6-19.1(e) and (f)) to draw against a performance guarantee deposit to pay for or reimburse the cost of various remedial actions and penalties should the applicant (the owner or the building contractor) fail to comply with the requirements of the Village Code. Section 6-19.1 further provides (See Section 6-19.1(g)) that if a performance guarantee deposit is not sufficient to reimburse the Village for such remedial costs or penalties, the applicant is required to replenish the performance guarantee deposit and to reimburse the Village for such costs after demand by the Village.

7.      Each of the sixteen lots for which Deposits are being held by the Village is owned by persons shown on Exhibit B attached hereto (the "Property Owners"). On information and belief, these Property Owners originally contracted Greenview to construct homes on their lots. Each of the Property Owners identified on Exhibit B has a claim to ownership of the Deposits listed on Exhibit A, and/or the right to have such Deposits refunded to them if and when the requirements of Section 6-19.1 are satisfied with respect to their property and single-family home construction projects.

8.      Village records show the Deposits for each of the sixteen lots as being received from Greenview Builders as the contractor or building permit applicant for each of the sixteen lots. These Village records are not intended to establish ownership of the Deposits, or to prevent transfer or assignment of ownership of the Deposits.

9.      On information and belief, the Deposit monies that the Village recorded as received from Greenview to satisfy the requirements of Section 6-19.1 of the Village Code were derived from contractual payments made by the Property Owners to Greenview for the purpose of making the respective Deposits required by the Village for issuance of building permits on their respective lots, and that the Property Owners are the actual legal, equitable and/or beneficial owners of the Deposits and have a superior claim to ownership of such Deposit monies.

10.      Nine (9) of the Property Owners have provided the Village with documentation (the "Assignments") establishing that Greenview has assigned to them and/or waived and relinquished any rights Greenview might possess in the refund of the performance guarantee deposit monies held by the Village with respect to their properties. Copies of the Assignments received from these Property Owners are attached hereto as Exhibit C. These Property Owners, their properties and the Deposits made with respect to the single-family home construction projects on their properties are as follows:

| Name of Owner | Property Address | Amount of Deposit |
|---|---|---|
| Daniel and Deborah Levin | 1155 Wincanton Drive | $14,000.00 |
| Kenneth Wittenberg | 623 Ambleside Drive | $22,250.00 |
| Todd and Becky Erdman | 1308 Somerset | $11,500.00 |
| Dmitry and Hilary Krasnik | 1345 Linden | $12,000.00 |
| Marjorie and Joshua Alpert | 1328 Woodland | $25,700.00 |
| Alex and Victoria Levin | 1054 Oakley Avenue | $21,300.00 |
| Peter and Kelly Jansen | 1111 Linden Ave. | $14,800.00 |
| Matthew Goode | 1550 Crabtree | $2,000.00 |
| Adam and Janet Heiman | 94 Millstone Road | $11,500.00 |

11.    It is the Village's practice to accept assignments such as those attached as Exhibit C as evidence of a building contractor's release of any claim to refund of performance guarantee deposit monies originally remitted by the contractor to the Village as required by Section 6-19.1 of the Village Code, and authorization to refund such deposit monies to the assignee property owner.

12.    Absent the Citation in this proceeding, the Village would pay the refundable Deposit monies to the Property Owners with Assignments identified on Exhibit C.

13.    The Village has no knowledge as to the existence of any instrument establishing the ownership or assignment of refund rights with respect to the Deposit monies received on the other seven (7) lots listed on Exhibit B.

WHEREFORE, the Village respectfully requests that this Court:

A.    Determine that the nine (9) Property Owners identified in the Assignments attached hereto as Group Exhibit C are the owners of the performance guarantee Deposits listed on Exhibit B

-4-

and held by the Village with respect to their properties, and that the Citation be discharged as to those assets.

      B.     To the extent that the Citation is not discharged as to the Deposits made with respect to the sixteen (16) Property Owners shown on Exhibit B, order that the Plaintiff judgment creditor serve written notice to each of the Property Owners identified on Exhibit B of the pendency of this proceeding regarding the Deposits as to which each Property Owner has or may claim an interest, and of their opportunity to appear in this proceeding to assert their adverse claim to ownership of refund rights in the Deposit monies held by the Village for such property.

      C.     Discharge the Citation as to all Nonrefundable Deposits that the Village is holding for projects that have not received a final certificate of occupancy as shown on Exhibit B.

      D.     Grant such other and further relief as may be just and proper.

VILLAGE OF DEERFIELD, Citation Respondent

By: _____
Peter D. Coblentz, its attorney

Peter D. Coblentz
Rosenthal, Murphey, Coblentz & Donahue
30 N. LaSalle St., Suite 1624
Chicago, IL 60602
Phone: 312.541.1070
Fax: 312.541.9191
ARDC # 03121618

EXHIBIT A
Section 6-19.1 of the Deerfield Municipal Code

# Sec. 6-19.1. Construction Site Performance Bond; Amount; Replenishment:

(a)No building permit shall be issued for construction of any new single-family residence or for any alterations, additions or renovations to an existing single-family residence with a cost determined by the director of building and zoning to be in excess of one hundred thousand dollars ($100,000.00) unless the owner or contractor (the "applicant") first provides the village with a performance guarantee in the form of: 1) a cash security deposit or 2) an irrevocable letter of credit issued by a state or national bank or savings institution authorized to do business in the state of Illinois. (Ord. 0-09-09, 4-20-2009)

(b)The performance guarantee for permits described in subsection (a) of this section shall be in an amount set forth in the annual fee resolution adopted by the corporate authorities. Such performance guarantee is in addition to all other application fees, costs and bonds required by the village. (Ord. 0-12-36, 10-1-2012)

(c)No building permit shall be issued for construction of any alterations, additions or renovations to an existing single-family residence, with an estimated value of construction determined by the director of building and zoning of up to one hundred thousand dollars ($100,000.00), unless the owner or contractor (the "applicant") first provides the village with a performance guarantee in the form of: 1) a cash security deposit or 2) an irrevocable letter of credit issued by a state or national bank or savings institution authorized to do business in the state of Illinois. (Ord. 0-09-09, 4-20-2009)

(d)The performance guarantee for permits described in subsection (c) of this section shall be in an amount set forth in the annual fee resolution adopted by the corporate authorities. In no event, however, shall an applicant for a permit described in subsection (c) of this section be required to provide a performance guarantee in an amount greater than ten thousand dollars ($10,000.00). Such performance guarantee is in addition to all other application fees, costs and bonds required by the village. (Ord. 0-12-36, 10-1-2012)

(e)The failure of the applicant to comply with the site grading and drainage regulations in article 10 of this chapter and the construction management regulations in article 11 of this chapter shall be considered a default by the applicant and will authorize the village to draw upon the performance guarantee for payment or reimbursement of all costs incurred or to be incurred by the village in taking remedial action for applicant's failure to comply.

(f)The failure of the applicant to comply with the construction time limits provided in section 6-19 of this chapter shall be considered a default by the applicant and will authorize the village to draw upon the performance guarantee for payment of the default penalties set forth in section 6-19.2 of this chapter.

(g)In the event that the performance guarantee is not sufficient to reimburse the village for remedial costs incurred by the village or for payment of default penalties in section 6-19.2 of this chapter for violation of the construction time limits provided herein, it shall be the duty of the applicant to replenish the performance guarantee and to reimburse the village for such costs within fourteen (14) days after written demand by the village.

(h)The village shall retain a portion of the performance guarantee for a minimum of one year after issuance of a certificate of occupancy by the director of building and zoning. This is to secure that the site grading and stormwater drainage plan improvements for the site have been implemented as required by article 10 of this chapter and are performing as intended. If

site corrections are made during that one year period to secure such performance, the performance guarantee shall be retained for one additional year to guarantee satisfactory performance. The retainage shall be five thousand dollars ($5,000.00) for permits described in subsection (a) of this section and three thousand dollars ($3,000.00) for the permits described in subsection (c) of this section. Upon completion of this performance guarantee period, the retainage or any unused portion thereof, shall be returned, without interest, to the applicant.

(i) The village shall return the performance guarantee or any unused portion thereof, without interest and without the retainage described in subsection (h) of this section, to the applicant within thirty (30) days after the issuance of a certificate of occupancy by the director of building and zoning, provided that applicant is not then in violation or default of the requirements of this chapter. (Ord. 0-09-09, 4-20-2009)

EXHIBIT "D"

Exhibit B to Deerfield Answer

| | Property | Owner/Adverse Claimant | Outstanding Deposit Balance | Currently Refundable | Assignment to Owner | Certificate of Occupancy |
|---|---|---|---|---|---|---|
| 12. | 1345 Linden Ave. 16-29-110-001 | David Krasnik Hilary Krasnik 200 Manor Dr. Deerfield, IL 60015 | $12,000.00 | - 0 - | Yes, to Dmitry and Hilary Krasnik 09/24/2014 | No |
| 13. | 94 Millstone Rd. 16-27-306-077 | Adam Heiman Janet Heiman 94 Millstone Rd. Deerfield, IL 60015 | $11,500.00 | - 0 - | Yes, to Mr. and Mrs. Adam Heiman 06/4/2015 | No |
| 14. | 1054 Oakley Ave. 16-29-412-008 | Alex Levin Victoria Levin 1054 Oakley Ave. Deerfield, IL 60015 | $21,300.00 | - 0 - | Yes, to Mr. and Mrs. Levin 05/29/2015 | No |
| 15. | 1308 Somerset Ave. 16-29-303-018 | Todd L. Erdman Rebecca Erdman 1308 Somerset Ave. Deerfield, IL 60015 | $11,500.00 | $6,500.00 | Yes, to Todd and Becky Erdman 07/29/2015 | Yes 7/31/15 |
| 16. | 1328 Woodland Dr. 16-29-104-008 | Majorie Alpert Joshua Alpert 1328 Woodland Dr. Deerfield, IL 60015 | $25,700.00 | - 0 - | Yes, to Dr. and Mrs. Alpert 06/01/2015 | No |

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SHAWN MARKS and | ) | |
| STEPHANIE MARKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| GREENVIEW BUILDERS AND | ) | No. 15 L 460 |
| CABINETRY DESIGNERS, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| VILLAGE OF DEERFIELD, | ) | |
| Citation Respondent. | ) | |

FILED

MAY 27 2016

*Keith Brin*
CIRCUIT CLERK

**MOTION TO INTERVENE**

NOW COMES ADAM HEIMAN and JANET HEIMAN ("Heiman"), Intervenors, for its Motion to Intervene, pursuant to 735 ILCS 5/2-408(a)(2), respectfully states as follows:

1.      The Complaint in this matter was filed with this Court by Plaintiffs on June 22, 2015.

2.      A judgment was entered on September 30, 2015 against Defendant in the sum of $415,472.56 in favor of Plaintiff in the above captioned matter (the "Judgment").

3.      On February 18, 2016, a Citation to Discover Assets to Third Party (the "Citation") was issued and subsequently served upon, among other, the Village of Deerfield ("Deerfield") by Plaintiff in an effort by Plaintiff to collect the Judgment.

4.      In response to the Citation, Deerfield provided Plaintiff with an Answer of Third Party Citation Respondent Village of Deerfield (the "Initial Deerfield Answer"), which it subsequently amended by a First Amended Answer of Third Party Citation Respondent Village of Deerfield (the

"Deerfield Amended Answer")(the Initial Deerfield Answer and the Deerfield Amended Answer are hereinafter collectively referred to as the "Deerfield Answer").

5. Included in the Deerfield Answer is a list of property owners, including Intervenors, who have received assignments of their performance guarantee deposits ("Deposit") from Defendant.

6. Pursuant to 735 ILCS 5/2-408(a)(2), upon timely application anyone shall be permitted as of right to intervene in an action when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action.

7. The instant cause of action directly impacts and involves Intervenors' Deposit to which it has a valid ownership right. Therefore, intervention is proper both as of right under 735 ILCS 5/2-408(a)(2).

WHEREFORE, INTERVENORS respectfully request that the Court enter an Order allowing it leave to intervene in this cause of action and for any other and further relief as this Court deems appropriate.

Respectfully submitted,

ADAM HEIMAN and JANET HEIMAN

By: _____
ADAM HEIMAN

Adam M. Heiman
Benjamin, Gussin & Associates
801 Skokie Boulevard, Suite 100
Northbrook, IL 60062
(847) 861-6225

EXHIBIT I

Motion for Turnoveer

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SHAWN MARKS and ) 
STEPHANIE MARKS, ) 
 ) 
    Plaintiffs, ) 
v. ) 
 ) 
GREENVIEW BUILDERS AND )    No. 15 L 460
CABINETRY DESIGNERS, INC., ) 
 ) 
    Defendant, ) 
and ) 
 ) 
VILLAGE OF DEERFIELD, ) 
    Citation Respondent. ) 

**F I L E D**

**MAY 27 2016**

*Keith Brin*
**CIRCUIT CLERK**

### MOTION FOR TURNOVER

**NOW COMES ADAM HEIMAN and JANET HEIMAN** ("Heiman"), Intervenors, and respectfully request the Court enter an Order directing the turnover of a certain performance guarantee deposit (the "Deposit") held by the Village of Deerfield ("Deerfield") and in support hereof, state as follows:

1.    On or about February 25, 2014, Intervenors entered into a Construction Contract (the "Contract") with Defendant for the construction of a home located at 94 Millstone Road, Deerfield, Illinois (the "Property").

2.    On or about October 9, 2014 Intervenors and Defendant executed a Sworn Statement for Contractor and Subcontractor to Owner (the "Sworn Contractor Statement") authorizing the sum of Thirty One Thousand Seven Hundred and 00/100 Dollars ($31,700.00) to be released from Intervenor's construction escrow with Chicago Title and Trust Company. Among the payments authorized by Intervenor pursuant to the Sworn Contractor Statement was Thirty

1

Thousand and 00/100 Dollars ($30,000.00) to be paid to the Village of Deerfield as and for a building permit (the "Permit Funds"). Attached hereto as **Exhibit "A"** is a copy of the Sworn Contractor Statement.

3.      On or about June 2, 2015, Intervenors terminated the Contract with Defendant for, among other reasons, Defendant's breach of contract. Attached hereto as **Exhibit "B"** is a copy of such termination letter.

4.      On or about June 4, 2015, Defendant issued a letter to Intervenors signed by Yuri Birg, Defendant's President, assigning the Deposit to Intervenors (the "Deposit Assignment"). Attached hereto as **Exhibit "C"** is a copy of the Deposit Assignment.

5.      On or about March 7, 2016, Plaintiff filed in this Court a Third Party Citation to, among others, Deerfield (the "Citation").

6.      On or about March 15, 2016, Deerfield filed in this Court a First Amended Answer of Third Party Citation ("Deerfield Answer") requesting the Court deem Intervenors the owner of the Deposit and Plaintiff's Citation be discharged as to the Deposit. Attached hereto as **Exhibit "D"** is a copy of the Deerfield Answer.

7.      In Exhibit B to the Deerfield Answer, Deerfield states the outstanding deposit balance due to Intervenors is $11,500.00 (the "Deposit Balance").

8.      Based upon the terms of the Deposit Assignment, the Deerfield Answer and the fact the funds paid to Deerfield were Intervenors' funds, it is respectfully requested that the Court enter an Order directing Deerfield to turnover the Deposit Balance to Intervenors.

**WHEREFORE, INTERVENORS** respectfully request that the Court enter an Order directing Deerfield to turnover to Intervenors the Deposit Balance, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

**ADAM HEIMAN and JANET HEIMAN**

By: _____

**ADAM HEIMAN**

Adam M. Heiman
Benjamin, Gussin & Associates
801 Skokie Boulevard, Suite 100
Northbrook, IL 60062
(847) 861-6225

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | |
|---|---|
| SHAWN MARKS and | ) |
| STEPHANIE MARKS, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| GREENVIEW BUILDERS AND | )    No. 15 L 460 |
| CABINETRY DESIGNERS, INC., | ) |
| | ) |
| Defendant, | ) |
| and | ) |
| | ) |
| VILLAGE OF DEERFIELD, | ) |
| Citation Respondent. | ) |

**FILED**

**JUN 0 1 2016**

*Keith Brin*
CIRCUIT CLERK

### <u>ORDER</u>

This cause coming on to be heard before the Honorable Judge Betar on Motion to Intervene and Motion for Turnover by Adam Heiman and Janet Heiman ("Intervenors"), the Court being advised in the premises and having jurisdiction,

**IT IS HEREBY ORDERED:**

1. ~~That the Intervenors are permitted leave to intervene in the captioned matter.~~ and Motion to Intervene

2. The Motion for Turnover is entered and continued to September 28, 2016 at 9:00 am are in Room C-307.

3. Counsel for Plaintiffs and Defendant were present at the hearing.

June 1, 2016

Adam M. Heiman
Benjamin, Gussin & Associates
801 Skokie Boulevard, Suite 100
Northbrook, IL 60062
(847) 861-6225
Atty No: 6275103

ENTER:

Michael B. Betar

_____
JUDGE

1