IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| GREENVIEW BUILDERS AND | ) | |
| CABINETRY DESIGNERS, INC., | ) | Case No. 16-16636 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |

### RESPONSE OF TRUSTEE TO ERDMAN MOTION
### TO COMPEL TRUSTEE TO ABANDON DEPOSITS

**NOW COMES, JOHN E. GIERUM**, Trustee herein, by JOHN E. GIERUM, his attorney, and for his Response to the Erdman Motion to Compel Trustee to Abandon Deposits, states as follows:

1. The crux of the Motion is that the Permit Deposit held by the Village of Deerfield is not property of the Estate. If this were the case, it begs the question as to why a Motion to Compel Abandonment is necessary or appropriate. Neither of the grounds stated in 11 U.S.C. §554(b) are alleged. Trustee, however, believes and asserts that the deposits are property of the estate and that the Motion should be denied. The basic facts are not in dispute. Homeowners Erdman hired Debtor Greenview to construct a residence in Deerfield. They paid a portion of the contract price and Debtor then applied for permits from Deerfield and Debtor deposited money with Deerfield for the permit requirements.

2. In paragraph 2 of the Exhibit to the Motion, the February 11, 2016 Village of Deerfield letter, Deerfield acknowledges at least twice that the Debtor paid the deposit requirements. This would confirm the deposit as being in the name of the Debtor Greenview and refute the allegation in paragraph 5 of the Motion that Movants paid the deposit.

3. Paragraph 8 of the Motion alleges that the Debtor has no interest in the deposited funds but states no reason or factual basis to support that assertion.

4. 11 U.S.C. §541(a)(1) states that "Such estate is comprised of all of the following property, wherever located and by whomever held; . . . all legal and equitable interests of the debtor in property as of the commencement of the case." It is uncontroverted that Deerfield holds the deposit in the name of the Debtor. That is a clear legal interest.

5. As property of the estate, Trustee has demanded turnover of all deposits held by the Village of Deerfield, including this one, and those held by other relevant municipalities.

**WHEREFORE**, Trustee requests that the Motion be denied, and for such other and further relief as this Court deems just and equitable.

JOHN E. GIERUM, TRUSTEE

By: */s/ John E. Gierum*
    John E. Gierum, his attorney

John E. Gierum, Esq.
GIERUM & MANTAS
2700 South River Road
Suite 308
Des Plaines, IL 60018
847/318-9130
Atty. No. 0951803

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy the foregoing Response of Trustee to Erdman Motion to Compel Trustee to Abandon Deposits to be served on:

> Michael V. Ohlman, Esq.
> MICHAEL V. OHLMAN, P.C.
> 2130 West Belmont Avenue
> Chicago, IL 60618

through the Court's Electronic Notice for Registrants at or before the hour of 5:00 p.m. on the 17th day of October, 2016.

/s/ John E. Gierum
John E. Gierum